1  Tiffany Cheung (CA SBN 211497)
   TCheung@mofo.com
2  Emani N. Oakley (CA SBN 347705)
   EOakley@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, CA 94105
   Telephone:  415.268.7000
5  Facsimile:  415.268.7522

6  Katie Viggiani (*pro hac vice*)
   KViggiani@mofo.com
7  MORRISON & FOERSTER LLP
   250 West 55th Street
8  New York, NY 10019
   Telephone:  212.468.8000
9  Facsimile:  212.468.7900

10 Elisabeth Hutchinson (*pro hac vice*)
   EHutchinson@mofo.com
11 MORRISON & FOERSTER LLP
   4200 Republic Plaza, 370 Seventeenth Street
12 Denver, CO 80202
   Telephone:  303.592.1500
13 Facsimile:  303.592.1510

14 Erik Manukyan (CA SBN 340307)
   EManukyan@mofo.com
15 MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
16 Los Angeles, CA 90017
   Telephone:  213.892.5200
17 Facsimile:  213.892.5454

18 Attorneys for Defendant
   SALESFORCE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE YOUNG, LANAE JOHNSON, and PEARL MAGPAYO, INDIVIDUALLY and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SALESFORCE, INC.,<br><br>Defendant. | Case No. 4:22-CV-09067-JST<br><br>**SALESFORCE, INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Jon S. Tigar |

## SALESFORCE, INC.'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Salesforce, Inc. hereby answers Plaintiffs' Third Amended Complaint ("TAC"). Any and all allegations not specifically admitted herein are denied. To the extent the TAC asserts conclusions of law, such conclusions of law require no response. To the extent any response is required to headings or other unnumbered paragraphs in the TAC, Salesforce denies the factual allegations, if any, contained in such headings or unnumbered paragraphs.

## NATURE OF THE ACTION

1. Responding to paragraph 1 of the TAC, Salesforce admits that Plaintiffs purport to bring a class action against Salesforce under the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. § 5701, *et seq.* ("WESCA") and the California Invasion of Privacy Act ("CIPA") §§ 631 and 632. Salesforce denies that a class can be certified in this case. Salesforce admits it offers chat software to Rite Aid, which Rite Aid installs, manages, and uses on its website, riteaid.com. Salesforce admits that it offers chat software to Kaiser Permanente but denies that such chat software is used on https://healthy.kaiserpermanente.org/ front-door. Salesforce states that insofar as allegations in paragraph 1 state conclusions of law, no response is required. Except as otherwise stated, Salesforce denies the allegations in paragraph 1 of the TAC.

2. Responding to paragraph 2 of the TAC, Salesforce admits Plaintiffs purport to bring a civil class action on behalf of all persons who used a chat function provided by Salesforce on any website. Salesforce denies that a class can be certified in this case and further denies all liability. Salesforce further denies it intercepted or recorded any electronic communications and that Plaintiffs or any putative class member has suffered any injury or is entitled to any relief in this action.

## THE PARTIES

3. Responding to paragraph 3 of the TAC, Salesforce denies that Salesforce intercepted or eavesdropped on Plaintiff Diane Young's electronic communications with Rite Aid, if any. Salesforce further denies that it reviewed any words typed by Ms. Young in the chat function available on the Rite Aid website. Salesforce further states that insofar as allegations in

paragraph 3 state conclusions of law, no response is required. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies them.

4. Responding to paragraph 4 of the TAC, Salesforce denies that Salesforce intercepted or eavesdropped on Plaintiff Lanae Johnson's electronic communications with Rite Aid, if any. Salesforce further denies that it reviewed any words typed by Ms. Johnson in the chat function available on the Rite Aid website. Salesforce states that insofar as allegations in paragraph 4 state conclusions of law, no response is required. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies them.

5. Responding to paragraph 5 of the TAC, Salesforce denies that Salesforce intercepted or eavesdropped on Plaintiff Pearl Magpayo's electronic communications with Kaiser. Salesforce further denies that it reviewed any words typed by Ms. Magpayo in the chat function available on the Kaiser Permanente website. Salesforce further states that insofar as allegations in paragraph 5 state conclusions of law, no response is required. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6. Responding to paragraph 6 of the TAC, Salesforce admits that it is a Delaware company with its principal place of business at 415 Mission Street, San Francisco, California 94105.

7. Responding to paragraph 7 of the TAC, Salesforce admits that it offers software-as-service to its customers, including customer relationship management software and applications. Salesforce further admits that it offers products for customer service, marketing, analytics, and application development.

8. Responding to paragraph 8 of the TAC, Salesforce admits that it had a market capitalization of approximately $153 billion as of September 19, 2022. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

**JURISDICTION AND VENUE**

9. Responding to paragraph 9 of the TAC, to the extent paragraph 9 references or purports to summarize, interpret, or quote 28 U.S.C. § 1332, the statute speaks for itself, and Salesforce denies any characterization of the statute that is inconsistent with its content. Further responding, Salesforce admits that Plaintiffs allege the requisite amount in controversy pursuant to § 1332. Salesforce admits that at least one member of the putative Class is a citizen of a state different from Salesforce. Salesforce denies that Plaintiffs (or any member of the putative class) has suffered any injury or damages or that class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in paragraph 9 of the TAC.

10. Responding to paragraph 10 of the TAC, Salesforce admits that Salesforce's headquarters is in California. Salesforce states that insofar as allegations in paragraph 10 state conclusions of law, no response is required.

11. Responding to paragraph 11 of the TAC, Salesforce does not challenge venue in this Court at this time. Salesforce states that insofar as allegations in paragraph 11 state conclusions of law, no response is required. Further answering, Salesforce admits that it conducts business within the Northern District of California.

**STATEMENT OF FACTS**

**I.    Overview Of The Wiretaps**

12. Responding to paragraph 12 of the TAC, Salesforce admits it offers a software service called "Chat" that Salesforce's customers may use for both analytics and customer service. Except as otherwise stated, Salesforce denies the allegations in paragraph 12 of the TAC.

13. Responding to paragraph 13 of the TAC, Salesforce admits that Chat is an application programming interface ("Chat API") that Salesforce's customers can encode into their websites. Salesforce admits that the Chat API is hosted on its web servers but allows for chat functionality on the contracting company's website. Salesforce further admits that a company must purchase a license from Salesforce to install, manage, and use the Chat feature on that company's website. Except as otherwise stated, Salesforce denies the allegations in paragraph 13.

14. Responding to paragraph 14 of the TAC, Salesforce admits that Kaiser and Rite

Aid are Salesforce customers that utilize the Chat API on their respective websites. Salesforce further admits that Chat communications are hosted on Salesforce servers. Salesforce denies the characterization that all chat functionality on the Rite Aid or Kaiser Permanente websites are provided by Salesforce's software and that all chat messages sent from Rite Aid and Kaiser Permanente's websites are routed through a Salesforce server. Except as otherwise stated, Salesforce denies the allegations in paragraph 14.

15. Salesforce denies the allegations in paragraph 15 of the TAC.

16. Responding to paragraph 16 of the TAC, Salesforce states that to the extent paragraph 16 references or purports to summarize, interpret, or quote any portion of Salesforce.com, the website speaks for itself, and Salesforce denies any characterization of the website that is inconsistent with its contents. Except as otherwise stated, Salesforce denies the allegations in paragraph 16 of the TAC.

17. Responding to paragraph 17 of the TAC, Salesforce states that to the extent paragraph 17 references or purports to summarize, interpret, or quote any portion of Salesforce.com, the website speaks for itself, and Salesforce denies any characterization of the website that is inconsistent with its contents. Except as otherwise stated, Salesforce denies the allegations in paragraph 17 of the TAC.

18. Salesforce states that, insofar as the allegations in paragraph 18 of the TAC state conclusions of law, no response is required. Except as otherwise stated, Salesforce denies the allegations in paragraph 18 of the TAC.

19. Responding to paragraph 19 of the TAC, Salesforce lacks knowledge or information sufficient to form a belief as to the truth or source of the allegations in paragraph 19 and therefore denies them.

20. Responding to paragraph 20 of the TAC, Salesforce lacks knowledge or information sufficient to form a belief as to the truth or source of the allegations in paragraph 20 and therefore denies them.

21. Salesforce states that, insofar as the allegations in paragraph 21 of the TAC state conclusions of law, no response is required. Except as otherwise stated, Salesforce denies the

1  allegations in paragraph 21 of the TAC.

2       22.     Responding to paragraph 22 of the TAC, Salesforce admits that certain customers
3  may use a feature called Sneak Peek. Salesforce lacks knowledge or information sufficient to
4  form a belief as to the source or truth of the remaining allegations in paragraph 22 and therefore
5  denies them.

6       23.     Responding to paragraph 23 of the TAC, Salesforce states that to the extent
7  paragraph 23 references or purports to summarize, interpret, or quote any portion of a YouTube
8  video, the YouTube video speaks for itself, and Salesforce denies any characterization of the
9  YouTube video that is inconsistent with its contents. Except as otherwise stated, Salesforce denies
10 the allegations in paragraph 23 of the TAC.

11      24.     Responding to paragraph 24 of the TAC, Salesforce states that to the extent
12 paragraph 24 references or purports to summarize, interpret, or quote any portion of a YouTube
13 video, the YouTube video speaks for itself, and Salesforce denies any characterization of the
14 YouTube video that is inconsistent with its contents. Except as otherwise stated, Salesforce denies
15 the allegations in paragraph 24 of the TAC.

16      25.     Salesforce denies the allegations in paragraph 25 of the TAC.

17      26.     Salesforce denies the allegations in paragraph 26 of the TAC.

18      27.     Responding to paragraph 27 of the TAC, Salesforce states that, insofar as
19 allegations in paragraph 27 state conclusions of law, no response is required. Salesforce states
20 that to the extent paragraph 27 references or purports to summarize, interpret, or quote any
21 portion of Salesforce.com, the website speaks for itself, and Salesforce denies any
22 characterization of the website that is inconsistent with its contents. Except as otherwise stated,
23 Salesforce denies the allegations in paragraph 27 of the TAC.

24      28.     Responding to paragraph 28 of the TAC, Salesforce states that to the extent
25 paragraph 28 references or purports to summarize, interpret, or quote any portion of
26 Salesforce.com, the website speaks for itself, and Salesforce denies any characterization of the
27 website that is inconsistent with its contents. Salesforce further states that, insofar as allegations
28 in paragraph 28 state conclusions of law, no response is required. Except as otherwise stated,

1 Salesforce denies the allegations in paragraph 28 of the TAC.

2   29.   Responding to paragraph 29 of the TAC, Salesforce admits that Salesforce's customers can use their own Chat communications for data analytics and to assist with their customer service interactions. Except as otherwise stated, Salesforce denies the allegations in paragraph 29 of the TAC.

**II.   Defendant Wiretapped Plaintiffs' Electronic Communications**

30.   Responding to paragraph 30 of the TAC, Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31.   Responding to paragraph 31 of the TAC, Salesforce denies that Salesforce intercepted or eavesdropped on Plaintiffs Young and Johnson's electronic communications, if any. Insofar as allegations in paragraph 31 state conclusions of law, no response is required. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies them.

32.   Responding to paragraph 32 of the TAC, Salesforce states that insofar as allegations in paragraph 32 state conclusions of law, no response is required. Except as otherwise stated, Salesforce denies the allegations in paragraph 32 of the TAC.

33.   Responding to paragraph 33 of the TAC, Salesforce states that insofar as allegations in paragraph 33 state conclusions of law, no response is required. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies them.

34.   Responding to paragraph 34 of the TAC, Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35.   Responding to paragraph 35 of the TAC, Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36.   Responding to paragraph 36 of the TAC, Salesforce denies it has servers located in

California that receive Chats from end users. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them.

37. Responding to paragraph 37 of the TAC, Salesforce denies it has servers located in California that receive Chats from end users. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies them.

38. Responding to paragraph 38 of the TAC, Salesforce denies it has servers located in California that receive Chats from end users. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies them.

39. Salesforce denies the allegations in paragraph 39 of the TAC.

## CLASS ACTION ALLEGATIONS

40. Responding to paragraph 40 of the TAC, Salesforce admits that Plaintiffs purport to bring a class action against Salesforce and represent a proposed class. Salesforce denies that class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in paragraph 40 of the TAC.

41. Responding to paragraph 41 of the TAC, Salesforce admits that Plaintiffs purport to bring a class action against Salesforce and represent a proposed class. Salesforce denies that class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in paragraph 41 of the TAC.

42. Responding to paragraph 42 of the TAC, Salesforce admits that Plaintiffs purport to bring a class action against Salesforce and represent a proposed class. Salesforce denies that class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in paragraph 42 of the TAC.

43. Responding to paragraph 43 of the TAC, Salesforce admits that Plaintiffs purport to bring a class action against Salesforce and represent a proposed class. Salesforce denies that class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in

1  paragraph 43 of the TAC.

2      44.    Responding to paragraph 44 of the TAC, Salesforce admits that Plaintiff purports
3  to bring a class action against Salesforce and represent a proposed class. Salesforce denies that
4  class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in
5  paragraph 44 of the TAC.

6      45.    Responding to paragraph 45 of the TAC, Salesforce admits that Plaintiffs purport
7  to bring a class action against Salesforce and represent a proposed class. Salesforce denies that
8  class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in
9  paragraph 45 of the TAC.

10     46.    Responding to paragraph 46 of the TAC, Salesforce admits that Plaintiffs purport
11 to reserve the right to modify the class and subclass definitions. Salesforce denies that class
12 treatment is appropriate.

13     47.    Responding to paragraph 47 of the TAC, Salesforce admits that Plaintiffs purport
14 to bring a class action against Salesforce. Salesforce denies that class treatment is appropriate.
15 Except as otherwise stated, Salesforce denies the allegations in paragraph 47 of the TAC.

16     48.    Responding to paragraph 48 of the TAC, Salesforce admits that Plaintiffs purport
17 to bring a class action against Salesforce. Salesforce denies that class treatment is appropriate.
18 Except as otherwise stated, Salesforce denies the allegations in paragraph 48 of the TAC.

19     49.    Responding to paragraph 49 of the TAC, Salesforce admits that Plaintiffs purport
20 to bring a class action against Salesforce. Salesforce denies that class treatment is appropriate.
21 Except as otherwise stated, Salesforce denies the allegations in paragraph 49 of the TAC.

22     50.    Responding to paragraph 50 of the TAC, Salesforce admits that Plaintiffs purport
23 to bring a class action against Salesforce. Salesforce denies that class treatment is appropriate.
24 Salesforce is without knowledge or information sufficient to form a belief as to the truth of the
25 allegations regarding Plaintiffs' interests and intent, Plaintiffs' and their counsel's commitment to
26 prosecuting this action or financial resources to do so, or counsel's class action experience.
27 Therefore, on that basis, Salesforce denies those allegations. Except as otherwise stated,
28 Salesforce denies the allegations in paragraph 50 of the TAC.

1   51.     Responding to paragraph 51 of the TAC, Salesforce admits that Plaintiffs purport to bring a class action against Salesforce. Salesforce denies that class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in paragraph 51 of the TAC.

## CAUSES OF ACTION

### COUNT I
### Violation of Pennsylvania Wiretap Act
### 18 Pa. Cons. Stat. § 5701, et seq.

52.     Responding to paragraph 52 of the TAC, Salesforce realleges and incorporates its responses to the previous allegations of the TAC.

53.     Responding to paragraph 53 of the TAC, Salesforce admits that Plaintiffs purport to bring a class action against Salesforce. Salesforce denies that Plaintiffs or any putative class member has suffered any injury or is entitled to any relief in this action and further denies that class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in paragraph 53 of the TAC.

54.     Responding to paragraph 54 of the TAC, Salesforce states that to the extent paragraph 54 references or purports to summarize, interpret, or quote a state statute, the statute speaks for itself, and Salesforce denies any characterization of the statute that is inconsistent with its content.

55.     Responding to paragraph 55 of the TAC, Salesforce states that to the extent paragraph 55 references or purports to summarize, interpret, or quote a state statute, the statute speaks for itself, and Salesforce denies any characterization of the statute that is inconsistent with its content.

56.     Salesforce denies the allegations in paragraph 56 of the TAC.

57.     Responding to paragraph 57 of the TAC, Salesforce states, insofar as allegations in paragraph 57 state conclusions of law, no response is required. Salesforce further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

58.     Salesforce denies the allegations in paragraph 58 of the TAC.

59.     Salesforce denies the allegations in paragraph 59 of the TAC.

60. Salesforce denies the allegations in paragraph 60 of the TAC.

61. Responding to paragraph 61 of the TAC, Salesforce states that, insofar as allegations in paragraph 61 state conclusions of law, no response is required.

62. Responding to paragraph 62 of the TAC, Salesforce admits that Plaintiffs allege they seek all available relief under 18 Pa. Cons. Stat. § 5725(A). Salesforce denies that Plaintiffs or any putative class member has suffered any injury or is entitled to any relief in this action and further denies that class treatment is appropriate.

**COUNT II**
**Violation of California Invasion of Privacy Act**
**Cal. Penal Code § 631**

63. Responding to paragraph 63 of the TAC, Salesforce realleges and incorporates its responses to the previous allegations of the TAC.

64. Responding to paragraph 64 of the TAC, Salesforce admits that Plaintiff Magpayo purports to bring a class action against Salesforce. Salesforce denies that Plaintiff Magpayo or any putative class member has suffered any injury or is entitled to any relief in this action and further denies that class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in paragraph 64 of the TAC.

65. Responding to paragraph 65 of the TAC, Salesforce states that to the extent paragraph 65 references or purports to summarize, interpret, or quote a state statute and court order, the statute and court order speaks for themselves, and Salesforce denies any characterizations of the statute or court order that are inconsistent with their contents.

66. Responding to paragraph 66 of the TAC, Salesforce states that, insofar as allegations in paragraph 66 state conclusions of law, no response is required. Salesforce further states that to the extent paragraph 66 references or purports to summarize, interpret, or quote court orders, the court orders speak for themselves, and Salesforce denies any characterizations of the court orders that are inconsistent with their contents. Except as otherwise stated, Salesforce denies the allegations in paragraph 66.

67. Salesforce denies the allegations in paragraph 67 of the TAC.

68. Responding to paragraph 68 of the TAC, Salesforce states that, insofar as

allegations in paragraph 68 state conclusions of law, no response is required. Salesforce further states that to the extent paragraph 68 references or purports to summarize, interpret, or quote court orders, the court orders speak for themselves, and Salesforce denies any characterizations of the court orders that are inconsistent with their contents. Except as otherwise stated, Salesforce denies the allegations in paragraph 68 of the TAC.

69.  Salesforce denies the allegations in paragraph 69 of the TAC.

70.  Salesforce denies the allegations in paragraph 70 of the TAC.

71.  Responding to paragraph 71 of the TAC, Salesforce states that, insofar as allegations in paragraph 71 state conclusions of law, no response is required.

72.  Responding to paragraph 72 of the TAC, Salesforce admits that Plaintiff Magpayo alleges she seeks all relief available under Cal. Penal Code § 637.2. Salesforce denies that Plaintiff Magpayo or any putative class member has suffered any injury or is entitled to any relief in this action and further denies that class treatment is appropriate.

## COUNT III
### Violation of The California Invasion of Privacy
### Cal Penal Code § 632

73.  Responding to paragraph 73 of the TAC, Salesforce realleges and incorporates its responses to the previous allegations of the TAC.

74.  Responding to paragraph 74 of the TAC, Salesforce admits that Plaintiff Magpayo purports to bring a class action against Salesforce. Salesforce denies that Plaintiff Magpayo or any putative class member has suffered any injury and further denies that class treatment is appropriate. Except as otherwise stated, Salesforce denies the allegations in paragraph 74 of the TAC.

75.  Responding to paragraph 75 of the TAC, Salesforce states that to the extent paragraph 75 references or purports to summarize, interpret, or quote a state statute, the statute speaks for itself, and Salesforce denies any characterization of the statute that is inconsistent with its content.

76.  Responding to paragraph 76 of the TAC, Salesforce states that, insofar as allegations in paragraph 76 state conclusions of law, no response is required. Except as otherwise

1  stated, Salesforce denies the allegations in paragraph 76 of the TAC.

2    77. Responding to paragraph 77 of the TAC, Salesforce states that, insofar as allegations in paragraph 77 state conclusions of law, no response is required. Except as otherwise stated, Salesforce denies the allegations in paragraph 77 of the TAC.

  78. Responding to paragraph 78 of the TAC, Salesforce states that, insofar as allegations in paragraph 78 state conclusions of law, no response is required. Except as otherwise stated, Salesforce denies the allegations in paragraph 78 of the TAC.

  79. Responding to paragraph 79 of the TAC, Salesforce states that, insofar as allegations in paragraph 79 state conclusions of law, no response is required. Salesforce lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 and therefore denies them.

  80. Responding to paragraph 80 of the TAC, Salesforce states that, insofar as allegations in paragraph 80 state conclusions of law, no response is required. Except as otherwise stated, Salesforce denies the allegations in paragraph 80 of the TAC.

  81. Responding to paragraph 81 of the TAC, Salesforce states that, insofar as allegations in paragraph 81 state conclusions of law, no response is required. To the extent a response is required, Salesforce denies the allegations in paragraph 81 of the TAC.

  82. Responding to paragraph 82 of the TAC, Salesforce admits that Plaintiff Magpayo alleges that she seeks statutory damages under Cal. Penal Code § 637.2. Salesforce denies that Plaintiffs or any putative class member has suffered any injury or is entitled to any relief in this action and further denies that class treatment is appropriate.

## PRAYER FOR RELIEF

Salesforce denies that Plaintiffs and putative class members are entitled to any of the requested relief, including the relief requested under the section entitled "Prayer for Relief."

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the TAC, Salesforce does not, by stating the matters set forth in these defenses, assume the burden of proof or persuasion on any matters as to which Plaintiffs have the burden of proof or persuasion. The following affirmative defenses are based on

Salesforce's knowledge, information, and belief at this time, and Salesforce specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer. Salesforce reserves the right to assert other defenses as information is gathered through discovery and investigation.

### FIRST AFFIRMATIVE DEFENSE

**(Consent)**

Plaintiffs' and the putative classes' claims are barred, in whole or in part, to the extent that Plaintiffs and/or putative class members consented to the use of Salesforce's software as a service, including based on (i) their prior knowledge and understanding that online chat services are powered by a third-party technology provider, (ii) disclosures regarding Salesforce's technology powering the Chat software, and/or (iii) otherwise agreeing to Salesforce's customers' terms of services or privacy policies disclosing the use of third-party software related to the conduct in the TAC alleged to violate CIPA or WESCA.

### SECOND AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

Plaintiffs' and the putative classes' claims are barred to the extent Plaintiffs and/or putative class members assumed the risk of typing personal information, health information, and/or medical records into a publicly available chat function operated on a public website and to the extent Plaintiffs and putative class members were aware that Salesforce technology powers the Chat feature integrated on websites, or that customer service chat boxes on consumer websites are generally powered by a third-party service provider.

### THIRD AFFIRMATIVE DEFENSE

**(Comparative Fault or Offset)**

Salesforce alleges that all or part of the damages alleged in the TAC were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts, and/or omissions of Plaintiffs and/or putative class members and/or persons who acted on their behalf, for whose conduct Salesforce is not legally responsible). Salesforce provides its customers software as a service; its customers install, manage, and use the software on their websites to run

their own analytics and serve their own customers. If Plaintiffs and/or putative class members are found to be entitled to recover any of the alleged damages, Salesforce's share thereof must be apportioned, reduced, or eliminated to the extent that such damages are attributable to persons or entities other than Salesforce.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' and the putative classes' claims are barred to the extent Plaintiffs and/or putative class members unreasonably delayed before pursuing their purported rights. Plaintiffs Young and Johnson asserted their claims over a year after the original complaint in this case was filed. To the extent Plaintiffs and/or putative class members utilized the Chat feature on the Rite Aid or Kaiser website after becoming aware of the allegations at issue, their claims are barred.

### FIFTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

Plaintiffs' and the putative classes' claims fail because Salesforce at all times acted in good faith with applicable state laws and regulations. Salesforce provides its customers software as a service; only its customers install, manage, and use the software on their websites to run their own analytics and serve their own customers.

### SIXTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

Plaintiffs' and the putative classes' claims are barred, in whole or in part, because at all times Salesforce substantially complied with any applicable law, statutes, and/or regulations. Salesforce provides its customers software as a service; its customers install, manage, and use the software on their websites to run their own analytics and serve their own customers.

### SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs and the putative class members' claims are barred, in whole or in part, to the extent that they failed to bring their causes of action within the time period required by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Injury and No Damage)

Plaintiffs' and the putative classes' claims fail, in whole or in part, because they have not suffered any actual injury or damage based on the purported conduct at issue in this litigation.

### NINTH AFFIRMATIVE DEFENSE

### (Waiver, Ratification, Acquiescence, Estoppel)

Plaintiffs' and the putative classes' claims are barred, in whole or in part, by the doctrines of waiver, ratification, acquiescence, and/or estoppel by reason of Plaintiffs' and putative class members' actions and course of conduct to the extent they chose to interact with the Chat feature on the Rite Aid or Kaiser website, as alleged in the TAC, after receiving notice that Chat was powered by third-party technology.

### TENTH AFFIRMATIVE DEFENSE

### (Class Action Improper)

This suit may not properly be maintained as a class action because Plaintiffs have failed to plead and cannot establish the necessary properly certifiable elements under Fed. R. Civ. P. 23. The deficiencies include, without limitation, that Plaintiffs are not adequate class representatives, their claims are not typical of those of the class, any common issues do not predominate, instead, individualized issues predominate, the alleged putative class is not ascertainable, nor are its members identifiable, and a class action is not a superior means of adjudication. For example, putative class members' claims will need to be analyzed on an individual basis in relation to the specific disclosures and chat flow Salesforce customers implemented on their websites at the time the chat feature was allegedly accessed by each putative class member. Plaintiffs will be unable to meet their burden of proving all of the elements required to certify a class.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Cause)

Salesforce is not responsible for Plaintiffs' alleged damages, if any, because those damages were caused by superseding and/or intervening events, or by the actions of another entity or third party, and not by Salesforce. Salesforce provides its customers software as a

service; only its customers install, manage, and use the software on their websites to run their own analytics and serve their own customers.

## TWELFTH AFFIRMATIVE DEFENSE

**(Statutory Exception Applies)**

Plaintiffs' claims are barred, in whole or in part, because an applicable law, statute, or regulation provides an exception from liability for Salesforce, such as CIPA's party-to-the-communication exception. *See* J*avier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL 114225, at *6 (N.D. Cal. Jan. 5, 2023).

## THIRTEENTH AFFIRMATIVE DEFENSE.

**(Adequate Remedy)**

Because Plaintiffs seek statutory damages on behalf of themselves and putative class members, Plaintiff and putative class members have an adequate remedy at law. Plaintiffs and the putative class members therefore cannot seek equitable relief.

## FOURTEENTH AFFIRMATIVE DEFENSE.

**(Punitive Damages)**

To the extent Plaintiffs claim exemplary or punitive damages, such awards are prohibited under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Alternatively, to the extent Plaintiffs claim exemplary or punitive damages, they fail to allege claims or injury sufficient to entitle them to such an award.

## FIFTEENTH AFFIRMATIVE DEFENSE.

**(Independent Injury)**

Plaintiffs' and the putative classes' claims fail, in whole or in part, because the injuries suffered by the Plaintiffs, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom Salesforce was not responsible. Salesforce provides its customers software as a service; only its customers install, manage, and use the software on their websites to run their own analytics and serve their own customers.

**SIXTEENTH AFFIRMATIVE DEFENSE.**

**(Lack of Scienter)**

Plaintiffs' and the putative classes' claims fail because Salesforce lacks the requisite scienter, including specific intent and/or willfulness, necessary to establish violations of Cal. Penal Code § 631(a) or 18 Pa. C.S. §§ 5701, et seq.

Dated: November 22, 2024

MORRISON & FOERSTER LLP

By: /s/ Tiffany Cheung
Tiffany Cheung (CA SBN 211497)
TCheung@mofo.com
Emani N. Oakley (CA SBN 347705)
EOakley@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone:  415.268.7000
Facsimile:  415.268.7522

Katie Viggiani (*pro hac vice*)
KViggiani@mofo.com
250 West 55th Street
New York, NY 10019
Telephone:  212.468.8000
Facsimile:  212.468.7900

Elisabeth Hutchinson (*pro hac vice*)
EHutchinson@mofo.com
4200 Republic Plaza, 370 Seventeenth Street
Denver, CO 80202-5638
Telephone:  303.592.1500
Facsimile:  303.592.1510

Erik Manukyan (CA SBN 340307)
EManukyan@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone:  213.892.5200
Facsimile:  213.892.5454

*Attorneys for Defendant*
SALESFORCE, INC.