**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Daniel S. Guerra (State Bar No. 267559)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
        dguerra@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice*)
Max S. Roberts (State Bar No. 363482)
Israel Rosenberg (*pro hac vice*)
Caroline C. Donovan (*pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: jmarchese@bursor.com
        mroberts@bursor.com
        irosenberg@bursor.com
        cdonovan@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE YOUNG and LANAE JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SALESFORCE INC.,<br><br>Defendant. | Case No. 4:22-cv-09067-JST<br><br>**DECLARATION OF L. TIMOTHY FISHER IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>Judge: Hon. Jon S. Tigar |

I, L. Timothy Fisher, declare as follows:

1.     I am an attorney at law licensed to practice in the State of California. I am also a member of the bar of this Court and a partner at Bursor & Fisher, P.A., counsel of record for Plaintiffs. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2.     On December 22, 2025, Defendant Salesforce, Inc. ("Defendant" or "Salesforce") filed a Motion to Consider Whether Another Party's Material Should be Sealed in support of its Opposition to Plaintiffs' Class Certification Motion ("MTC") (ECF No. 142).

3.     The documents subject to sealing are (1) portions of Defendant's Opposition brief and portions of Defendant's Motion to Exclude Expert David A. Hoffman that reference Plaintiff Young's and Plaintiff Johnson's deposition transcripts; (2) portions of Defendant's Motion to Exclude Expert David A. Hoffman that reference Mr. Hoffman's deposition transcript; (3) attached exhibits of excerpts from the deposition transcripts/erratas of Plaintiffs and Mr. Hoffman; and (4) Non- Party Rite Aid's ("Rite Aid") declarations and references thereto in Defendant's briefs. MTC at 3-4.

4.     This Administrative Motion for Leave to File Under Seal concerns materials submitted in connection with a non-dispositive motion. The "good cause" standard therefore applies. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006) (holding that the "good cause" standard derived from Rule 26(c) applies to non-dispositive motions); *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016) (distinguishing between the "compelling reasons" standard for dispositive motions and the "good cause" standard for nondispositive motions, explaining that the "good cause" standard is "less exacting").

**I.     Good Cause Exist to Seal Plaintiffs' and David A. Hoffman's Deposition Testimonies**

5.     Plaintiffs' deposition testimony has been deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs' attorneys pursuant to the Protective Order in

this case (ECF No. 70) ("Protective Order") §§ 2.2, 5.2. Defendant takes no position as to the sealing of Plaintiff's deposition testimony. MTC at 3.

6. Plaintiffs retained David A. Hoffman as a proposed expert witness in this matter. Mr. Hoffman's deposition testimony has been deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiffs' attorneys pursuant to the Protective Order §§ 2.2, 2.7, and 5.2. Defendant takes no position as to the sealing of Mr. Hoffman's deposition testimony. MTC at 3.

7. "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

8. Here, the Court already granted sealing Plaintiffs' deposition testimonies due to the Protective Order and that "Plaintiffs will be injured by the public sharing of their discussions regarding their private medical communications with Rite Aid." *See* Order Granting Plaintiffs' Motion to Seal, ECF No. 138 (citing Declaration of L. Timothy Fisher (ECF No. 129) ¶¶ 2-4); *see also* Order Granting Defendant's Administrative Motion to File Documents Under Seal (ECF No. 141).

9. Moreover, "[W]hen a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips ex rel. Ests*, 307 F.3d at 1213. Here, since there is no party seeking disclosure, the public's right of access is rebutted and good cause exists to seal Plaintiffs' and Mr. Hoffman's deposition testimonies.

## II. Good Cause Exists to Seal Rite Aid's Documents and References to Plaintiffs' Chats Found Therein

10. Non-Party Rite Aid previously produced documents in which they designated as "Confidential" pursuant to Protective Order §§ 2.2, 2.5, 2.11, 2.14, 5. These documents included a July 21, 2025 declaration from Rite Aid's employee Elizabeth Carstetter, and transcripts of Plaintiffs' chat history with Rite Aid attached thereto, all of which this Court previously sealed (ECF No. 141).

11. Defendant subsequently obtained an additional declaration from Ms. Carstetter, dated November 8, 2025. MTC at 4. The November 2025 Declaration "overlaps with information" in the sealed July 21, 2025 Declaration. MTC at 4. Defendant "disagrees that all of the information produced by Rite Aid meets the 'good cause' standard for sealing." MTC at 4.

12. In May 2025, Rite Aid filed for bankruptcy and is now defunct due to their insolvency. Plaintiff's counsel has attempted to reach out to Rite Aid's in-house counsel within the last month, but received a bounce back that the address is no longer in use. Rite Aid thus lacks the proper resources to supply the Court with supporting materials as to the sealing of its own documents.

13. In any event, public disclosure of Rite Aid's internal documents concerning the content of Plaintiffs' chats and Plaintiffs' alleged locations at the time of the chats would cause Plaintiffs harm. The chats at issue are between Plaintiffs and their pharmacy, in which they discuss medical related information, and disclose Plaintiffs' email addresses.[1]

14. "Numerous courts have found that individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court

---

[1] Plaintiffs previously moved to file the substantially similar July 21, 2025 Carstetter Declaration and all references thereto under seal. *See* ECF No. 119-1 at 3 (seeking to redact page 10, lines 22-23 of Plaintiffs' Motion for Class Certification, which cite to the contents of Plaintiffs' chat communications found in the Carstetter Decl.; seeking to file Exhibit 32 – Declaration of Elizabeth Carstetter under seal). However, the Court adopted Defendant's proposed order on the motion to seal, which unexplainably left out portions of Plaintiffs' proposed order. *Compare* ECF No. 119-3 (Plaintiffs' Proposed Order), ECF No. 121-2 (Defendant's Proposed Order), and ECF No. 124 (Order Granting Plaintiffs' Administrative Motion). While this seems to be clerical error, the Court did not deny Plaintiffs' request to seal references to Plaintiffs' chats with Rite Aid found in the Carstetter Declaration, nor did the Court deny sealing the entirety of the Carstetter Declaration.

DECLARATION OF L. TIMOTHY FISHER ISO ADMIN MOTION
CASE NO. 4:22-CV-09067-JST
3

records," even under the higher "compelling reasons" standard. *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023); *See, e.g., Alegre v. United States*, 2021 WL 4934982, at *3 (S.D. Cal. July 29, 2021) (sealing "private and sensitive information, including names, dates of birth, and addresses"); *Ortiz v. City & Cnty. of San Francisco*, 2020 WL 2793615, at *9 (N.D. Cal. May 29, 2020) ("The Court agrees that health records properly meet the compelling reasons standard."); *McArdle v. AT&T Mobility LLC*, 2018 WL 6803743, at *6 (N.D. Cal. Aug. 13, 2018) (sealing "documents containing sensitive personal information"); *Hedrick v. Grant*, 2017 WL 550044, at *2 (E.D. Cal. Feb. 10, 2017) ("Any interest the public may have in the disclosure of the sensitive and private information contained in the declarations and exhibits is outweighed by class members' interests in the privacy of their medical and psychiatric records.").

15. Here, disclosure of Plaintiffs' communications with their pharmacy, which includes sensitive and private information implicates their interests in privacy and outweighs any interest the public may have.

16. In conclusion, I respectfully ask the Court to adopt Defendant's Proposed Order on its Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 142-2).

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on January 12, 2026.

                                    */s/ L. Timothy Fisher*
                                     L. Timothy Fisher