UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE YOUNG, et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>SALESFORCE, INC.,<br><br>           Defendant. | Case No. 22-cv-09067-JST<br><br>**ORDER DENYING SALESFORCE'S MOTION TO SET SUMMARY JUDGMENT SCHEDULE**<br><br>Re: ECF No. 156 |

United States District Court
Northern District of California

Now before the Court is Salesforce's motion to set a schedule for cross-motions for summary judgment. ECF No. 156. The Court will deny the motion.

First, the Court typically does not resolve summary judgment before class certification. The Court has already issued a case management order setting a schedule for class certification, and Salesforce has not shown good cause to modify that order by scheduling summary judgment briefing to occur at the same time. Notably, the parties' stipulated proposed schedule also contemplated that summary judgment would be resolved after class certification. ECF No. 63.

Second, although Salesforce declares that "discovery is complete," it cites no order establishing a fact or expert discovery deadline, and the Court finds none on the docket. The scheduling order proposed by the parties, ECF No. 77—which the Court adopted—does not contain such deadlines. ECF No. 78; *see also* ECF Nos. 100 (stipulated order extending case schedule without imposing discovery deadlines), 110 (same). The fact is that there is not currently a fact or expert discovery cut-off. At the time the scheduling order was issued, the Court's general practice was not to set deadlines beyond the class certification deadline in its initial scheduling

/ / /

/ / /

order.[1]  Instead, the Court would ordinarily set a case management conference following a decision on class certification, and set the remaining deadlines at that conference.  Accordingly, the Court did not include in its case management order some of the dates and deadlines proposed by the parties.   ECF No. 63.  Because it now appears that the parties both want the Court to set such deadlines, they are ordered to submit a stipulated proposed scheduling order, or competing proposals, setting such deadlines.  Their proposed schedule is due by February 24, 2026.

Lastly, this Court will not resolve Plaintiffs' contention that they are entitled to source code discovery based on the opinions of Dr. Sandeep Chatterjee.  That dispute must be resolved by Judge Beeler, to whom discovery in this case has already been referred.

**IT IS SO ORDERED.**

Dated:  February 17, 2026



_____
JON S. TIGAR
United States District Judge

_____

[1] The Court has subsequently changed its practice, and now typically does set a discovery cut-off as part of the class certification schedule.

United States District Court
Northern District of California