UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIANE YOUNG, et al.,

Plaintiffs,

v.

SALESFORCE, INC.,

Defendant.

Case No. 22-cv-09067-JST

**ORDER ON ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

Re: ECF Nos. 142, 158, 159

Before the Court are several motions to seal, which the Court resolves as set forth below.

## I.   LEGAL STANDARD

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required to overcome the strong presumption of access depends on the type of motion to which the document is attached. Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the

strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Instead, a party need only make a showing under the good cause standard of Rule 26(c) to justify the sealing of the materials. *Id*. at 1097. A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012).

## II.    DISCUSSION

### A.    ECF No. 142

The Court first considers Defendant Salesforce's administrative motion to consider whether another party's material should be sealed at ECF No. 142. Plaintiffs have filed a declaration in support of sealing. ECF No. 148. Concluding that Plaintiffs have failed to justify sealing, the Court grants them seven days to cure the defects identified in this order.

Plaintiffs' declaration argues that good cause exists to seal the documents at issue because they have been deemed confidential or highly confidential under the terms of the protective order in this case. ECF No. 148 ¶¶ 5–7. But, as the Court explained above, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

To justify sealing under the good cause standard, Plaintiffs "must make a 'particularized showing,' of the 'specific prejudice or harm' that will result if the information is made public." *United States ex rel. Ruhe v. Masimo Corp.*, No. CV1008169CJCVBKX, 2013 WL 12131176, at *2 (C.D. Cal. July 31, 2013) (quoting *Kamakana*, 447 F.3d at 1180 and *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). This "particularized showing" should establish why specific information contained in each specific document should be sealed.

Plaintiffs do not satisfy this standard. For example, one of the exhibits sought to be sealed is a 56-page excerpt from an expert witness's deposition. ECF No. 142-5. To justify sealing,

Plaintiffs reference only the protective order.  ECF No. 148 ¶ 6.  Yet the deposition excerpt discusses many topics that do not appear to be confidential, including the expert's credentials, background, method, and the information upon which he based his conclusions.  *Id*.  In fact, very little of the report appears to reference confidential medical information; Plaintiffs' names only appear four times.  *Id*.[1]

The proposed redactions to Defendant Salesforce's opposition to the motion for class certification likewise appear overbroad.  For instance, the proposed redactions at ECF No. 142-3 at 8, lines 7–8 do not appear plausibly to contain sensitive or confidential information.  Plaintiffs also have not explained why the country or state in which particular plaintiffs were located when they engaged with the Rite Aid chat feature ought to be treated as confidential.  *See, e.g.*, ECF No. 142-3 at 19, lines 21–24; *id*. at 14, lines 7–17[2].  Plaintiffs seek to seal the deposition testimony on pages 19 and 20 of the same document in its entirety, but very little of that testimony relates to private medical information and Plaintiffs do not advance any other ground on which it should be sealed.  *See* ECF No. 148 ¶ 8.

Plaintiffs also seek to seal a November 2025 declaration by Elizabeth Carstetter, a former Rite Aid employee.  *Id*. ¶ 11.  This declaration was designated as confidential by Nonparty Rite Aid, but according to Plaintiffs, Rite Aid is now defunct due to insolvency and cannot produce the supporting materials necessary to justify sealing its documents.  *Id*. ¶ 12.  The Court will not seal documents without justification.  In addition, insofar as it is bankrupt and defunct, Rite Aid presumably has limited or no remaining protectable interests in competitive business information.

Plaintiffs argue that the Carstetter declaration should be sealed to the extent that it references Plaintiffs' confidential medical information, contact information, and location data.

---

[1] Plaintiffs also argue that the named plaintiffs' deposition testimony excerpts should be sealed because the Court has previously granted their motion to seal different excerpts from the same depositions.  ECF No. 148 ¶ 8.  First, the fact that the Court previously sealed other excerpts from the same deposition does not establish good cause.  Second, those excerpts were far narrower, limited to only a few pages directly addressing the questions Plaintiffs asked through the RiteAid chat function and medical considerations related to those queries.  ECF No. 129-4.  In its current request, Plaintiffs seek to seal deposition excerpts exceeding 20 pages each, little of which appears medical or sensitive.  *See* ECF Nos. 142-6, 142-7.
[2] These line numbers are approximate because the line numbering does not match the text.

ECF No. 148 ¶¶ 10–16. However, much of the Carstetter declaration does not concern Plaintiffs' personal information. ECF No. 142-10. As noted above, Plaintiffs have also not explained why their location at the time they used the Rite Aid chat feature is confidential.

In a footnote, Plaintiffs write that they previously moved to file under seal a substantially similar July 2025 Carstetter Declaration. ECF No. 148 at 4 n.1. They state that the Court, by apparent "clerical error," "adopted Defendant's proposed order on [that] motion to seal, which unexplainably left out portions of Plaintiffs' proposed order." *Id*. (citing ECF No. 124). The Court's prior order was not issued in error. The motion in question was one to seal documents containing information that either Defendant Salesforce or Nonparty Rite Aid designated as confidential pursuant to the protective order. ECF No. 119. Such a motion places the burden on the other party to establish that sealing is warranted. *See* Civil L.R. 79-5(f)(3). Salesforce, in filing the required responsive statement, did not argue that the Carstetter declaration should be sealed. And Rite Aid did not file a responsive statement. No party justified sealing the Carstetter declaration, so the Court did not grant the motion to seal. The Court, did, however, err in not explicitly denying the sealing motion as to those exhibits for which it did not grant the sealing motion. The Court corrects that error now: the motion to seal is denied as to all documents for which sealing was not granted in the Court's September 30, 2025 order at ECF No. 124. Plaintiffs shall file public versions of those documents on the docket.

In the sealing motion concerning the July 2025 Carstetter declaration, Plaintiffs argued that they "bear no burden to establish that this document is sealable," but "note[d] that if the request to file this document under seal is denied, Plaintiffs will be injured by the public sharing of their private medical communications with Rite Aid." ECF No. 119 at 2 n.1. If Plaintiffs wish to redact the Carstetter declaration to omit Plaintiffs' medical information, however, then they are the designating party with respect to that information and they bear the burden of establishing that sealing those portions was warranted, which they have not done. In lieu of filing the July 2025 Carstetter declaration publicly, Plaintiffs may submit a declaration or statement seeking to redact it within seven days of the date of this order.

Plaintiffs may file a responsive statement addressing ECF No. 142 and curing the

United States District Court
Northern District of California

deficiencies identified above within seven days.  If no statement is filed, the motion will be denied.  The motion is also likely to be denied unless Plaintiffs substantially narrow their sealing requests.  For any documents subject to more narrowly tailored redactions, Plaintiffs should file redacted and unredacted copies with their responsive statement, pursuant to this Court's standing order concerning motions to seal.

**B.    ECF Nos. 158, 159**

Next, Plaintiffs moved to consider whether another party's material should be sealed at ECF No. 158.  Defendant Salesforce filed the required responsive declaration.  ECF Nos. 161, 162.  In its response, Salesforce proposed narrower redactions than did Plaintiffs in their original motion.  Salesforce's proposed order, ECF No. 162-5, is granted in full.  The remainder of Plaintiff's motion to consider whether another party's material should be sealed, ECF No. 158, is denied.

One of the exhibits subject to ECF No. 158 is the rebuttal report of expert witness David Hoffman.  The public version of this exhibit filed by Salesforce at ECF No. 162-3 maintains redactions not justified by Plaintiffs in their motions, see ECF Nos. 158, 159, and also not justified by Salesforce in its responsive declaration, *see* ECF No. 161 at 5 (arguing that only the portions of the Hoffman rebuttal highlighted in green should be sealed); *see also* ECF No. 162-5.  Plaintiffs are ordered to file a public version of this exhibit, including only the redactions highlighted in green at ECF No. 161-3.

Plaintiffs also filed a motion to seal, which advocates redactions in some of the same documents subject to the motion to consider whether another party's material should be sealed, including Plaintiffs' reply in support of the motion for class certification.  ECF No. 159.  However, neither Plaintiffs' motions, their proposed orders, nor the unredacted highlighted copies enable to the Court to decipher which portions of those documents are sought to be sealed on Plaintiffs' own behalf.  This is so, in part, because the line numbers noted in Plaintiffs' motions and proposed orders do not match the line numbering of the underlying documents.  *Compare* ECF No. 158-2 at 2; ECF No. 159-2 at 2; ECF No. 158-3.

In addition, although the foregoing makes it difficult to be sure, Plaintiffs' proposed

United States District Court
Northern District of California

redactions appear overbroad. As the Court noted above, Plaintiffs have not explained why the state or country in which the named Plaintiffs were located when they used the Rite Aid Chat feature is confidential. Other portions of the document appear to be redacted in reference to earlier sealing requests which the Court has now denied. *See* ECF No. 158-3 at 13 (redacting references to the Carstetter declaration). Plaintiffs may refile the motion to seal at ECF No. 159 within seven days of the date of this order. The amended motion shall clarify which redactions are attributable to Plaintiffs' confidentiality interests, both by correcting the line numbering and by using colored highlighting that distinguishes the redactions sought by Plaintiffs from those granted by the Court above in response to ECF No. 158. The amended motion should also consider tailoring the sealing requests more narrowly.

**CONCLUSION**

With respect to ECF Nos. 142 and 159, Plaintiffs may address the deficiencies identified herein within seven days of the date of this order. The Court grants ECF No. 158 in part, adopting the proposed order submitted by Salesforce at ECF No. 162-5.

**IT IS SO ORDERED.**

Dated: April 29, 2026

_____
JON S. TIGAR
United States District Judge